# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN T. DOUTRE,

        Plaintiff,

vs.

ROMEO ARANAS, *et al.*,

        Defendants.

Case No.: 2:12-cv-00772-GMN-VCF

**ORDER**

Pending before the Court is the Motion for Temporary Restraining Order (ECF No. 26) filed by *pro se* Plaintiff Sean T. Doutre on May 20, 2013.

## I.   BACKGROUND

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections, and on May 8, 2012, he filed an Application for Leave to Proceed *In Forma Pauperis*, along with a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to medical needs against Defendants Romeo Aranas, B. Gutierrez, C. Dressler, B. Oliver, James Bannister, James Cox, and John/Jane Doe. (ECF No. 1.)  His Complaint was screened pursuant to 28 U.S.C. § 1915A, and 28 U.S.C. § 1915, and filed on October 30, 2012. (Screening Order, ECF No. 3; Compl., ECF No. 4.)  The Court ordered that Plaintiff could proceed with his claims against Defendants Aranas, Gutierrez, Dressler, Oliver, and a Doe defendant, alleging deliberate indifference to medical needs in violation of the Eighth Amendment, and that all other claims and defendants were dismissed with prejudice. (*Id.*)  The action was stayed for ninety days and proceeded to mediation, but a settlement was not reached. (Screening Order, ECF No. 3; Mins. of Proceedings, ECF No. 12.)  On February 11, 2013, Plaintiff was granted leave to proceed *in forma pauperis* and service of Plaintiff's Complaint was ordered. (Order, Feb. 11, 2013, ECF No. 13.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

## III. DISCUSSION

Rule 65(b)(1) permits a court to "issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a

verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Here, Plaintiff has attached an affidavit of his notification to Defendants of his request for temporary restraining order and preliminary injunction. However, he does not provide a basis for the Court to find that "immediate and irreparable injury, loss, or damage will result" to him before Defendants can be heard in opposition, as required by Rule 65(b)(1)(A). Accordingly, the Court finds that the requisite clear showing has not been provided, and that therefore the Court cannot grant Plaintiff's request for an injunction on an *ex parte* basis. The Court will consider Plaintiff's request pursuant to his contemporaneously filed Motion for Preliminary Injunction (ECF No. 27), according to the regular briefing schedule.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 26) is **DENIED**.

**DATED** this 21st day of May, 2013.

_____
Gloria M. Navarro
United States District Judge