**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SEAN T. DOUTRE,  )
            ) 2:12-cv-00772-GMN-VCF
         Plaintiff, )
            ) **ORDER**
vs.          )
            )
DR. ROMEO ARANAS, *et al.*,  ) (Motion to File Exhibits Under Seal #22)
         Defendants. )
_____)

Before the court is defendants Romeo Aranas, Benedicto Gutierrez, and Cheryl Dressler's Motion to File Exhibits Under Seal. (#22). No Opposition was filed.

**Background**

Plaintiff Sean T. Doutre, a *pro se* prisoner, filed an application to proceed *in forma pauperis* on May 8, 2012. (#1). The court entered a screening order on October 30, 2012, dismissing several defendants, deferring a ruling on the application to proceed *in forma pauperis* (#1), and staying the action for the parties to engage in settlement negotiations. (#3). The complaint was filed the same day. (#4). On December 6, 2013, the court entered an order scheduling an inmate early mediation conference for February 8, 2013. (#8). On February 8, 2013, the court entered the minutes of proceedings from the mediation conference stating that a settlement was not reached in the matter and sealing the recording of the mediation. (#12).

On February 11, 2013, the court entered an order granting plaintiff's application to proceed *in forma pauperis* (#1). (#13). After being granted additional time to respond to the complaint (#19), defendants filed a motion for summary judgment (#21), a motion to seal exhibits attached to the motion (#22), and SEALED Exhibits to the motion (#24). Plaintiff filed two motions for temporary restraining order on May 20, 2013. (#26 and #27). The court issued an order on May 21, 2013, denying the first motion for temporary restraining order (#26). (#28). Defendants filed an opposition to the second motion for temporary restraining order (#27) on June 4, 2013. (#29).

**Motion to SEAL**

    **A.**      **Arguments**

Defendants assert in their motion to seal that pursuant to Nevada Department of Corrections (hereinafter "NDOC") Administration Regulation 639 (Medical Records), inmates are not permitted to have copies of their medical records in their cells. (#22). Defendants ask this court to permit them to file under SEAL Exhibits A, C, D, E, and F to the defendants' motion for summary judgment (#21). *Id.* Defendants assert that they will send copies of the Exhibits to the Southern Desert Correctional Center, where plaintiff is currently housed, "with instructions to maintain the records in a safe and secure place outside of [p]laintiff's cell and to permit [p]laintiff to review the exhibits by appointment." *Id.* Defendants also assert that they will serve plaintiff with their motion (#22) as well as a letter with instructions to kite the warden's office for an appointment to view the documents. *Id.* Plaintiff did not file an opposition.

    **B.**      **Relevant Law/Discussion**

A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006):

> Unless a particular court record is one "traditionally kept secret," a "strong presumption inavor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy. *Id*. "A 'good cause' showing will not, without more, satisfy a

1  'compelling reasons' test." *Id.* When private discovery materials are attached to a dispositive motion (or
2  response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public
3  documents almost by definition, and the public is entitled to access by default." *Id.*

4  As defendants ask this court for leave to file Exhibits attached to a dispositive motion (#21) under
5  seal, they must demonstrate "compelling reasons" to do so. *See Kamakana*, 447 F.3d at 1180.  Defendants
6  do not rely on *Kamakana* in their motion and do not assert that there are "compelling reasons" to support
7  their request to seal the Exhibits. (#22). The court finds, however, that the NDOC's policy[1] regarding
8  inmates having copies of their medical records and any concerns the NDOC may have with the prisoners'
9  safety or the prison staff's ability to maintain prison order are "compelling reasons" to seal the Exhibits.
10  *See Kamakana*, 447 F.3d at 1180. The court also finds that plaintiff has an interest in his personal medical
11  records being sealed, which is indicated by the fact that plaintiff did not file an opposition to the motion
12  to seal (#22). *See* Local Rule 7-2(d)("The failure of an opposing party to file points and authorities in
13  response to any motion shall constitute a consent to the granting of the motion.").

14  Accordingly, and for good cause shown,

15  IT IS ORDERED that defendants Romeo Aranas, Benedicto Gutierrez, and Cheryl Dressler's
16  Motion to File Exhibits Under Seal (#22) is GRANTED.

17  IT IS THEREFORE ORDERED that Exhibits A, C, D, E, and F (#24) will remain SEALED.

18  . . .
19  . . .
20  . . .
21  . . .
22  . . .
23  . . .

---

[1] "Federal courts lack the power to interfere with decisions made by state prison officials, absent constitutional violations. Courts must recognize that the authority to make policy choices concerning prisons is not a proper judicial function." *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982) (abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)), citing *Bell v. Wolfish*, 441 U.S. 520, 562 (1979).

1    IT IS FURTHER ORDERED that defendants must send copies of Exhibits A, C, D, E, and F (#22) to the Southern Desert Correctional Center with instructions to maintain the records in a safe and secure place outside of plaintiff's cell and to permit plaintiff to review the Exhibits by appointment. Defendants must also serve plaintiff with their motion (#22), a copy of this order, and a letter with instructions to kite the warden's office for an appointment to view the documents.

Dated this 5th day of June, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**