1  ADAM PAUL LAXALT
   Nevada Attorney General
2  FREDERICK J. PERDOMO
   Senior Deputy Attorney General
3  Nevada Bar No. 10714
   Bureau of Litigation
4  Public Safety Division
   100 No. Carson St.
5  Carson City, NV  89701-4717
   Tel: 775-684-1250
6  E-Mail: fperdomo@ag.nv.gov

7  *Attorneys for Defendants Aranas, Gutierrez,
   and Dressler*

8

9                **UNITED STATES DISTRICT COURT**

10                    **DISTRICT OF NEVADA**

11  SEAN T. DOUTRE,                        Case No.  2:12-cv-00772-RFB-VCF

12                     Plaintiff,          **STIPULATION AND ORDER FOR**
                                           **DISMISSAL WITH PREJUDICE**
13  v.

14  DR. ROMEO ARANAS, *et. al.*,

15                     Defendants.

16

17        Plaintiff, Sean T. Doutre, through his counsel of record, Patrick J. Reilly, Esq., and

18  Defendants, Romeo Aranas, Benedicto Gutierrez, Cheryl Dressler, and Brandon Oliver,

19  through their counsel of record, Adam Paul Laxalt, Attorney General of the State of Nevada,

20  and Frederick J. Perdomo, Senior Deputy Attorney General, hereby stipulate and agree,

21  pursuant to Fed. R. Civ. P. 41 (a)(2), that the above-captioned action should be dismissed with

22  prejudice by order of this Court.

23        This Stipulation for Dismissal with Prejudice is executed as part of an out-of-court

24  settlement between the parties.  (Exhibit A).  The terms of the Settlement Agreement shall be

25  incorporated into this Stipulation and Order for Dismissal with Prejudice and the U.S. District

26  Court shall retain jurisdiction over any enforcement action.  Each party shall bear their own

27  attorneys' fees and costs arising from the litigation.  This waiver does not include any

28  application Sean T. Doutre or his counsel may make to the Court for the reimbursement of

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

1  costs under the Pro Bono Pilot Program.  However, Sean T. Doutre and/or his counsel shall

2  not make an application for reimbursement of costs under the Pro Bono Pilot Program if the

3  costs are recoverable in any fashion or any degree against the State of Nevada, Nevada

4  Department of Corrections, Romeo Aranas, Benedicto Gutierrez, Cheryl Dressler, and

5  Brandon Oliver.

6  DATED this 3rd day of February, 2016.          DATED this 8th day of February, 2016.

7  HOLLAND AND HART, LLP                          ADAM PAUL LAXALT
                                                  Attorney General
8

9  BY: _____          By: _____
10        PATRICK J. REILLY, ESQ.                        FREDERICK J. PERDOMO
          Attorney for Plaintiff                         Senior Deputy Attorney General
11                                                       Public Safety Division
                                                         Attorneys for Defendant
12

13                                    **ORDER**

14         This matter comes before the Court on the parties' Stipulation for Dismissal with

15  Prejudice.  The Court has examined the Stipulation for Dismissal with Prejudice as agreed by

16  the parties hereinabove, good cause having been shown,

17         IT IS THEREFORE ORDERED that this cause of action is dismissed with prejudice;

18         IT IS FURTHER ORDERED that each party shall each bear their own attorneys' fees

19  and costs except that Sean T. Doutre or his counsel may make application to the Court for

20  reimbursement of costs under the Pro Bono Pilot Program only to the extent that these costs

21  are not recoverable against the State of Nevada, Nevada Department of Corrections, Romeo

22  Aranas, Benedicto Gutierrez, Cheryl Dressler, and Brandon Oliver;

23         IT IS FURTHER ORDERED that the terms of the Settlement Agreement are

24  incorporated into this Order, and this Court retains jurisdiction over any action to enforce the

25  terms of Settlement Agreement.

26         DATED this _9th_ day of _February_, 2016.

27

28                                                RICHARD F. BOULWARE, II
                                                  United States District Judge

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that I am an employee of the State of Nevada, Office of the Attorney

3   General, and that on the _8th_ day of February 2016, I caused to be served a copy of the

4   foregoing **STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE**, by U.S. District

5   Court CM/ECF Electronic Filing to:

6   Patrick J. Reilly, Esquire
    Holland & Hart LLP
7   9555 Hillwood Drive, Second Floor
    Las Vegas, Nevada  89134
8   *Attorney for Plaintiff*

9

10
                                An employee of The
11                              Office of The Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A

In the Matter of:
**Sean T. Doutre v. Dr. Romeo Aranas, et al.**
**Case No. 2:12-cv-00772-RFB-VCF**
(U.S. District Court, District of Nevada)

## SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE

THIS SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE (hereinafter referred to as the "Agreement") is made and entered into as of the date this Agreement is signed, by and among the NEVADA DEPARTMENT OF CORRECTIONS ("NDOC"), on behalf of itself and all of its officers, directors, employees, former-employees, agents, predecessors, divisions, correctional facilities,[1] successors, administrators, and assigns, including, but not limited to Dr. Romeo Aranas, Benedicto Gutierrez, Cheryl Dressler, Brandon Oliver, and any other persons named in the Complaint who are or were NDOC employees (collectively referred to as "the NDOC"), and Sean T. Doutre ("DOUTRE")

I.   **RECITALS**

A.   At all times relevant hereto, Dr. Romeo Aranas, Benedicto Gutierrez, Cheryl Dressler, and Brandon Oliver are or were NDOC employees;

B.   At all times relevant hereto, DOUTRE was an inmate incarcerated within the NDOC system at Southern Desert Correctional Center ("SDCC");

C.   This Agreement addresses and resolves certain disputes arising from and relating to DOUTRE's confinement while at SDCC. These disputes concern and relate to the alleged constitutional violations as described in DOUTRE'S Civil Rights Complaint proceeding before the United States District Court for the District of Nevada in the above entitled matter ("the Complaint"). These concerns regard an alleged deliberate indifference with respect to DOUTRE'S medical needs, and any other claims made in the Complaint;

---

[1] Such correctional facilities include but are not limited to Southern Desert Correctional Center, and all officers, directors, employees, former employees, and agents of these institutions.

Settlement Agreement In the Matter of
*DOUTRE v. ARANAS, et al.*; Case No. 2:12-cv-00772-RFB-VCF
Page 2 of 7

D.      In reviewing the claims of the Complaint, the NDOC and all individually-named Defendants deny that the NDOC and its employees engaged in any culpable conduct.  The NDOC's legal position was at all times, and remains, that DOUTRE's rights were not violated; and

E.      Without making any admission of liability on either part, and with there being no winner or loser of this case, the NDOC and DOUTRE have reached a settlement ("Settlement") of their disputes and this litigation.  This written Agreement memorializes the Settlement terms reached by and between the NDOC and DOUTRE.

II.     SCOPE OF AGREEMENT

A.      The scope of this Agreement covers all events of the disputes herein described, all persons described, and those events or occurrences complained of in the Complaint of this litigation, the Court's Screening Order, and all subsequent pleadings filed under the instant docket number;

B.      The scope of this Agreement also covers all claims, disputes, causes of actions, and controversies arising from or relating to the disputes and the litigation, whether or not raised or asserted in the Complaint or other pleadings, and whether or not discovered to or known to DOUTRE at the time of the Settlement, which includes any claims arising from the United States Constitution, the Nevada Constitution, federal statutory or administrative law, the Nevada Revised Statutes, and/or common law, and any medical claims related to any injuries sustained as a result of the force discussed in the Complaint;

C.      Thus, DOUTRE forgoes any legal claims relating to medical deliberate indifference and other constitutional violations, and any state tort claims, as against all named Defendants and potential Defendants, from the inception of

/ / /

Settlement Agreement In the Matter of
*DOUTRE v. ARANAS, et al.*; Case No. 2:12-cv-00772-RFB-VCF
Page 3 of 7

his incarceration to the date noted on this Settlement, as they would relate to the allegations in the Complaint.

## III.    AGREEMENT

In exchange for DOUTRE's release of all pending legal claims against the NDOC and all named Defendants, the NDOC and DOUTRE hereby agree to finally settle all claims, disputes, and controversies, arising from and relating to all disputes and litigation, pursuant to the following terms:

1.    Two payments shall be made to the client trust account of DOUTRE'S attorney (Holland & Hart, LLP Client Trust Account) in the total amount of $17,000.00. One payment shall be made by the NDOC in the amount of $500.00 and the other payment shall be made by the State of Nevada Tort Claim Fund in the amount of $16,500.00.

2.    DOUTRE agrees to stipulate to dismiss with prejudice United States District Course case number Case No.  2:12-cv-00772-RFB-VCF (the instant case) in its entirety, which hereby completely releases and forever discharges the NDOC and its past, present, or future officers, directors, attorneys, employees, divisions, predecessors, and successors in interest, administrators and assigns and all other persons, with whom any of the former have been, are now or may hereafter be affiliated, of and from any and all liability relating to the disputes and the litigations and any and all claims, demands, obligations, actions, causes of action, rights, damages, costs, losses of services, expenses and compensation of any nature, whatsoever, including, but not limited to, any and all claims arising from or relating to issues or claims arising from the disputes and those claims asserted, or which could have been asserted, in the litigation

3.    The payments described in Section III(1) shall be made within 30 days

Settlement Agreement In the Matter of
*DOUTRE v. ARANAS, et al.;* Case No. 2:12-cv-00772-RFB-VCF
Page 4 of 7

after this Agreement is fully executed by the parties and their counsel.

4.      Immediately upon delivery of the payments described in Section III(1),
DOUTRE'S counsel, on behalf of DOUTRE, will provide the NDOC with an executed
Stipulation for Dismissal with Prejudice of the Complaint.

## IV.   FUTURE JURISDICTION FOR ENFORMCEMENT ACTIONS - FORUM SELECTION

The NDOC and DOUTRE agree that the terms of this Agreement will be
incorporated into the Stipulation and Order for Dismissal with Prejudice and the U.S.
District Court, District of Nevada will retain jurisdiction for the purpose of any
enforcement action.   Both parties understand that this provision acts as a forum
selection clause, and Nevada rules of contract will apply to the enforcement action.
Where state law is to be applied, this Agreement, or the relevant portions thereof, shall
be construed, interpreted, and enforced in accordance with the laws, rules of procedure,
and/or common law of the State of Nevada.

## V.   WAIVER OF FEES AND COSTS

The NDOC and DOUTRE shall each bear their own attorneys' fees and costs
arising from the litigation, including costs relating to copying, legal supplies and
postage.   This waiver does not include any application DOUTRE or his counsel may
make to the Court for the reimbursement of costs under the Pro Bono Pilot Program.
However, DOUTRE and/or his counsel shall not make an application for reimbursement
of costs under the Pro Bono Pilot Program if the costs are recoverable in any fashion or
any degree against the NDOC.

## VI.   COMPROMISE AND NO LIABILITY

The parties agree that this Agreement is a complete compromise of matters
involving disputed issues of law and fact relating to all the above described disputes and

Settlement Agreement In the Matter of
*DOUTRE v. ARANAS, et al.;* Case No. 2:12-cv-00772-RFB-VCF
Page 5 of 7

the litigation, and they assume the risk that the facts or law may be otherwise than they believe. The parties understand and agree that this Settlement is a compromise of all disputed claims to date. The parties understand and agree that the consideration given by the NDOC in exchange for the release of all claims asserted by DOUTRE, as set forth herein, is not to be construed and shall never at any time for any purpose be considered an admission of liability on the part of any party, by whom liability is expressly denied.

## VII.   WAIVER

This is a full and final release applying to all known, unknown, anticipated, and unanticipated damages arising out of the aforesaid claims above identified in this Agreement. The parties hereby waive all rights or benefits with respect to the matters being released herein under the terms of any controlling legal authority that might hold that a general release does not extend to similar claims or claims that a plaintiff does not know or suspect to exist in its favor at the time of executing the release, which if known would have materially affected the decision to settle.

## VIII.   WARRANTY OF CAPACITY TO EXECUTE AGREEMENT

The signatories to this Agreement represent and warrant that no other person or entity has or had any interest in the claims, demands, obligations or causes of action referred to in this Agreement and that they have the sole right and exclusive authority to execute this Agreement and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement. The parties further represent that the persons signing this Agreement are fully authorized to do so on behalf of each party, respectively.

/ / /

/ / /

Settlement Agreement In the Matter of
*DOUTRE v. ARANAS, et al.;* Case No. 2:12-cv-00772-RFB-VCF
Page 6 of 7

_____

## IX.   BINDING EFFECT UPON SUCCESSORS IN INTEREST

This Agreement shall be binding upon and inure to the benefit of the NDOC and DOUTRE, and their respective successors and assigns.

## X.   REPRESENTATION OF COMPREHENSION OF DOCUMENT

In entering into this Agreement, the NDOC acknowledges and represents that it has relied upon the legal advice of its attorneys, who are the attorneys of their own choice, and that the terms of this Agreement have been explained to them by their attorneys to their satisfaction, and that those terms are fully understood and voluntarily accepted by them.   In entering into this Agreement, DOUTRE acknowledges and represents that he has relied upon the legal advice of his attorneys, who were appointed to represent him by the Court, and that the terms of this Agreement have been explained to him by his attorneys to his satisfaction, and that the terms are fully understood and voluntarily accepted by him.

## XI.   COMPLETENESS OF DOCUMENT

This Agreement contains the entire understanding between the parties with respect to the matters set forth herein, and there are no representations, warranties, agreements, arrangements, or undertakings, oral or written, between or among the parties hereto relating to the subject matter of this Agreement which are not fully expressed herein.

## XII.   SEVERABILITY

The NDOC and DOUTRE agree that, in the event that any portion ("Offending Portion(s)") of this Agreement is declared by a court of competent jurisdiction to be invalid or unenforceable for any reason whatsoever, then those Offending Portions shall be severed from this Agreement, as if they were never incorporated into this Agreement.   The NDOC and DOUTRE further agree that if any Offending Portions are

Settlement Agreement in the Matter of
*DOUTRE v. ARANAS, et al.;* Case No. 2:12-cv-00772-RFB-VCF
Page 7 of 7

so severed from this Agreement, then the remainder of the Agreement shall, nevertheless, survive and remain fully intact, valid, and enforceable.

THE NEVADA DEPARTMENT OF CORRECTIONS

By:

SEAN T. DOUTRE #60666
Plaintiff

SHERYL FOSTER
Deputy Director

DATED: 12-13-2015

DATED: 12-21-15

APPROVED AS TO FORM AND CONTENT

HOLLAND AND HART, LLP

ADAM PAUL LAXALT
Attorney General

PATRICK REILLY, ESQ.
*Attorney for Plaintiff*

FREDERICK J. PERDOMO
Senior Deputy Attorney General
*Attorneys for Defendants*

DATED: 12-17-2015

DATED: 12-28-15